Kristina S. Holman #3742
703 S. Eighth Street
Las Vegas, Nevada 89101
Tel: (702) 614-4777
Fax: (702) 487-3128
email: kholman@kristinaholman.com
Attorney for Plaintiff,
     Isabel Nunez

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ISABEL NUNEZ,<br><br>     Plaintiff,<br><br>vs.<br><br>REHABCARE GROUP EAST, INC., ROE CORPORATIONS I through X, inclusive; and DOES I through X, inclusive,<br><br>     Defendants. | **PLAINTIFF'S COMPLAINT**<br>(Jury Demanded) |

COMES NOW PLAINTIFF, Isabel Nunez, and complains of Defendant, RehabCare Group East, Inc. (hereinafter "Defendant" or "RehabCare"), as follows:

## JURISDICTION AND VENUE

1. This is a civil action for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff, Isabel Nunez. This action comes under federal statutes prohibiting discrimination and retaliation, and to secure the protection of and to redress deprivation of rights under these laws and related tort claims.

2. Plaintiff ("Nunez" or "Plaintiff") has statutory claims arising under the Americans with Disabilities Act ("ADA"), as amended.

3. Ms. Nunez, the Plaintiff, asserts she was harassed, treated differently, subjected to a hostile work environment, and retaliated against in her employment because of her disability.

4. Ms. Nunez filed her Charge of Discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and signed her Charge of Discrimination on December 24, 2014, a copy of which is attached hereto as Exhibit "A" and incorporated herein by reference. Ms. Nunez

1

received a copy of the "Right to Sue" notice (dated April 11, 2016) based upon the charge, and therefore fulfilled all jurisdictional requirements for the filing of this suit. She has filed her lawsuit within 90 days of her receipt of the Right to Sue notice which was April 14, 2016.

5.   Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) because the claimed unlawful employment practices were committed in and arose in the District of Nevada.

## THE PARTIES

6.   Plaintiff, Ms. Nunez, at all times relevant to this Complaint, is a resident of Clark County, Nevada and at all times herein was employed by the Defendant, RehabCare, from January 2011 through July 2015.

7.   As an employer in Nevada with over 500 employees, RehabCare is required to comply with all state and federal statutes which prohibit harassment, discrimination and retaliation because of disability.

8.   DOE Defendants I through X, inclusive, and ROE CORPORATIONS, I through X, inclusive, are persons, corporations or business entities who are or which may also be responsible for or who directed or assisted in the wrongful actions of the named Defendants, or who may be individual officers or employees of the named Defendants. The true identities of the DOE Defendants and ROE CORPORATIONS are unknown to Plaintiff at this time. Plaintiff therefore alleges that DOES I-X, inclusive, and ROE CORPORATIONS I-X, inclusive, may be responsible in part for the damages or injuries suffered by Plaintiff as a result of their own wrongful actions and/or those of their agents and/or employees. Plaintiff will seek leave to amend this Complaint as soon as the true identities of DOE and ROE Defendants I-X, inclusive, are revealed to Plaintiff.

## FACTS

9.   Ms. Nunez, began her employment with RehabCare in or about January 2011. She was a Speech Language Pathologist.

10.   From the beginning of her employment, Ms. Nunez informed/disclosed her medical condition and that she would need a reasonable accommodation. She was able to work 4 days per week (32 hours/week). RehabCare provided her that accommodation.

11.   In September 2014, Defendant RehabCare required Plaintiff Nunez to work 5 days/week.

2

If she failed to do so, her job would be advertised. Ms. Nunez needed her job, including its health insurance benefits, and advised her manager that she would return to work. However, she also advised the Corporate HR department about this change in her schedule.

12. Upon her return to work in October 2014, Plaintiff Nunez was given paperwork for her physician to complete to request an accommodation. Her manager had told her that 4 days/week was not an option because the caseload had increased. Plaintiff Nunez also became concerned about her job being given to someone else while she was on FMLA.

13. Thereafter, Plaintiff Nunez was subjected to mean-spirited comments from co-workers. Even parmesan cheese had been placed in her coat pocket making a disgusting mess. The harassment escalated to such an extent that derogatory texts about her were sent to her (in error). She understand then that her health matter had not even been kept confidential.

14. Ms. Nunez was more strictly scrutinized in her hours/timesheets. She always explained and was able to show that there was no wrongdoing. Other employees were not treated in this manner.

15. Ms. Nunez was also subjected to scrutiny concerning her sick days. Again, she reviewed the policy, noted the change, and felt that she was singled out for such scrutiny in light of her complaints about the disability and her request for an accommodation which was simply to remain at a 4 days/week schedule.

16. Ms. Nunez was further advised that the department could not be run around her doctors' appointments. On her previous 4 days/week schedule she had no problems scheduling doctors' appointments so as to avoid taking off work. With a 5 days/week schedule she was no longer able to do so.

17. On November 12, 2014, Ms. Nunez filed her charge of discrimination with the EEOC and signed the charge on December 24, 2014 stating both disability discrimination and retaliation.

18. Other instanced include the added task that she had to inform her manager in person if she was going to leave the building. Previously this had never been the required policy in the department.

19. When Ms. Nunez applied for leave in January 2015 it was not allowed because she did not have sufficient PTO. Ms. Nunez had previously taken unpaid leave so that enough PTO would

accrue. Now, suddenly, it was not allowed. However, it seemed that this policy only applied to Ms. Nunez.

20. Ms. Nunez was also harassed about the completion of her accommodation forms. Then she was advised to complete the FMLA forms.

### FIRST CAUSE OF ACTION

*Disability Discrimination Under Federal Anti-Discrimination Statute*

21. Plaintiff, Ms. Nunez, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20 above as if fully set forth.

22. Defendant RehabCare was aware of the conduct of its management employees and/or employees in engaging in harassing or discriminatory conduct toward Ms. Nunez.

23. Defendant RehabCare, as employer, knew or should have known of its long-standing obligation to maintain a workplace free of harassment and discrimination based on disability.

24. Defendant RehabCare failed to take reasonably adequate steps to prevent disability discrimination and harassment in its workplace.

25. Defendant RehabCare failed to institute effective institutional policies to remedy complaints about conduct which might constitute discrimination based on disability, including harassment.

### SECOND CAUSE OF ACTION

*Retaliation*

26. Plaintiff Nunez repleads and realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25 above as if fully set forth.

27. Defendant RehabCare knew or should have known of its obligation to refrain from and prevent retaliatory acts against Plaintiff Ms. Nunez and RehabCare failed to do so.

28. Defendant RehabCare subjected Ms. Nunez to adverse terms and conditions of employment after she reported her claims of disability discrimination and retaliation, all of which constitute unlawful retaliation.

29. Defendant RehabCare retaliated against Ms. Nunez by not providing her reasonable accommodation for her disability creating a hostile work environment that resulted from its

1 | retaliatory actions against her.

2 | 30. In addition, Defendant RehabCare failed to take immediate corrective action when it learned that Ms Nunez had suffered acts of retaliation by employees of Defendant RehabCare.

31. Ms. Nunez has also suffered serious mental distress as a result of this unlawful discrimination.

32. Ms. Nunez is entitled to be fully compensated for all damages she has sustained.

33. It has been necessary for Ms. Nunez to retain the services of an attorney and she should be compensated therefor.

### THIRD CAUSE OF ACTION

*Negligent Infliction of Emotional Distress*

34. Plaintiff, Ms. Nunez, repleads and realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 33 above as if fully set forth.

35. Defendant RehabCare owed a duty to exercise due care not to subject Ms. Nunez to foreseeable risk of mental, emotional, and/or physical injury, and Defendant RehabCare knew or reasonably should have known that such acts and/or omissions of Defendant RehabCare as herein alleged, were likely to result in mental, emotional and/or physical injury to Ms. Nunez.

36. Defendant RehabCare, while engaging in the aforementioned conduct, did negligently inflict extreme mental and emotional distress, indignity, embarrassment, and humiliation upon Ms. Nunez.

37. As a direct and proximate result of the Defendant RehabCare's negligent infliction of such emotional distress, Ms. Nunez has suffered damages and she is entitled to recover compensatory damages and other damages related thereto.

38. It has been necessary for Ms. Nunez to retain the services of an attorney and she should be compensated therefor.

WHEREFORE, Plaintiff Isabel Nunez prays for the following relief:

1. A trial by jury on all issues;
2. All employment-related losses including but not limited to back pay, front pay, benefits, and commissions subject to proof;

3. All compensatory, special and general damages allowed by law;

4. Attorneys' fees and costs of suit incurred herein;

5. Prejudgment interest;

6. Punitive damages in an amount sufficient to punish and deter Defendant from engaging in any such conduct in the future and as an example to other employers not to engage in such conduct; and

7. For such other and further relief as the Court shall deem just and proper.

Respectfully submitted this 12th day of July, 2016.

By: /s/ Kristina S. Holman
KRISTINA S. HOLMAN #3742
703 S. Eighth Street
Las Vegas, Nevada 89101
Attorney for Plaintiff,
Isabel Nunez

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 487-2015-00247 |

**Nevada Equal Rights Commission** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Isabel Nunez | (702) | |

Street Address: Las Vegas, NV 89

City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| KINDRED HEALTHCARE | 500 or More | (702) 784-4300 |

Street Address: 2250 E. Flamingo Road, Las Vegas, NV 89119

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 
Latest: 11-03-2014
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

In or around January 2011, I was hired by the Respondent as a Speech Language Pathologist. My last job title was Speech Language Pathologist.

In or around September 2014, I informed Respondent regarding my medical condition and need for a reasonable accommodation. There is an accommodation that would allow me to perform the essential functions of the job. Respondent failed to engage in the interactive process.

On or about November 19, 2014, I was issued written discipline due to my disability.

I believe I was discriminated against because of my disability, and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Dec 24, 2014

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year) DEC 24 2014

RECEIVED
EEOC/LVLO
INTAKE

Exhibit "A"